# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1879V
(not to be published)

| | | |
|---|---|---|
| ANDREW SANCHEZ-ALDANA *and* KARINA SANCHEZ-ALDANA, *on behalf of* V.S.A., *a minor*, | * * * * | |
| | * | Special Master Corcoran |
| Petitioners, | * * | Filed: April 5, 2019 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Decision by Stipulation; Intussusception; Rotavirus Vaccine. |
| Respondent. | * * | |

*John R. Howie*, Howie Law, P.C., Dallas, TX, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON STIPULATION[1]

On December 5, 2017, Andrew and Karina Sanchez-Aldana filed a petition on behalf of their minor child, V.S.A., seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioners alleged that V.S.A. suffered from intussusception as a result of the rotavirus vaccine she received on December 5, 2014. *Id.* at 1, 3. In April 2018, the parties began engaging in settlement negotiations. *See* Mot. to Suspend Deadline for Rule 4(c) Report

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available online in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

at 1, filed Apr. 26, 2018 (ECF No. 10). While Respondent maintains that the rotavirus vaccine did not cause V.S.A.'s injury, the parties filed a stipulation on April 5, 2019. *See* Stip. at 1–2 (ECF No. 21).

Based upon my own review of the record, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $4,633.15, in the form of a check payable to Petitioners; and
- An amount sufficient to purchase an annuity contract as described in Paragraphs 9–10 of the parties' stipulation (as attached hereto).

Stip. at 2. This amount represents compensation for all damages under Section 15(a) of the Act to which Petitioners are entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANDREW SANCHEZ-ALDANA and KARINA SANCHEZ-ALDANA, ON BEHALF OF V.S.A., A MINOR, </br></br> Petitioners, </br></br> v. </br></br> SECRETARY OF HEALTH AND HUMAN SERVICES, </br></br> Respondent. | No. 17-1879V </br></br> Special Master Brian Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, V.S.A., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to V.S.A.'s receipt of the rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. V.S.A. received a rotavirus vaccine on December 5, 2014.

3. The vaccine was administered within the United States.

4. Petitioners allege that V.S.A. sustained the first symptom or manifestation of intussusception within 21 days of receiving the rotavirus vaccine. Petitioners further allege that V.S.A. has suffered the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on V.S.A.'s behalf as a result of her condition.

1

6. Respondent denies that V.S.A suffered the onset of intussusception within 21 days of the rotavirus vaccine and denies that the vaccine caused V.S.A.'s alleged intussusception or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum payment of $4,633.15, in the form of a check payable to petitioners, Andrew Sanchez-Aldana and Karina Sanchez-Aldana, for past unreimbursed expenses; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of V.S.A., pursuant to which the Life Insurance Company will agree to make payments periodically to V.S.A. as follows:

Beginning September 15, 2032, when V.S.A. is age 18, a lump sum of $14,791.71 payable annually for four (4) years guaranteed, with the last guaranteed payment due on September 15, 2035 (Age 21). V.S.A. will continue to receive the annuity payments from the Life Insurance Company only so long as she is alive at the time a particular payment is due. Should V.S.A. predecease the exhaustion of payments during the guarantee period described above, any remaining payments shall be made payable to the Estate of V.S.A. The personal representative of the Estate of V.S.A. shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of V.S.A.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorney further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of V.S.A. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of V.S.A., on behalf of themselves, V.S.A. and her heirs, executors, administrators, successors or assigns do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,

4

on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of V.S.A. resulting from, or alleged to have resulted from, the rotavirus vaccine administered on December 5, 2014, as alleged by petitioners in a petition for vaccine compensation filed on or about December 5, 2017, in the United States Court of Federal Claims as petition No. 17-1879V.

17. If V.S.A. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that V.S.A. suffered the onset of intussusception or any other injury as the result of the rotavirus vaccine or any other vaccine, or that her current condition is a sequela of her alleged vaccine-related injury.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of V.S.A.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*/s/ A. Ald*
ANDREW SANCHEZ-ALDANA

*/s/ K Saldana*
KARINA SANCHEZ-ALDANA

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ John Howie*
JOHN HOWIE, JR., ESQUIRE
Howie Law, PC
2608 Hibernia Street
Dallas, Texas 75204
(214) 622-6340

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Althea Walker Davis*
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

Dated: 5 April 2019

7