# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1879V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *

ANDREW SANCHEZ-ALDANA *and*
KARINA SANCHEZ-ALDANA,
*on behalf of* V.S.A., *a minor*,

                Petitioners,

         v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: July 31, 2019

Attorney's Fees and Costs.

*John R. Howie, Jr.*, Howie Law, PC, Dallas, TX, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 5, 2017, Andrew and Karina Sanchez-Aldana filed a petition on behalf of their minor child, V.S.A., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged that V.S.A. suffered from intussusception as a result of receiving the rotavirus vaccine on December 5, 2014. The parties filed a stipulation for award on April 5, 2019, which I adopted as my Decision awarding damages on the same day. (ECF No. 23).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioners have now filed a motion requesting final attorney's fees and costs, dated April 25, 2019 (ECF No. 27) ("Fees App."), requesting a total award of $19,672.51 (representing $19,175.70 in fees, plus $496.81 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioners warrant that they have not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 4 at 1. Respondent reacted to the motion on May 9, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 29, at 2-3. Petitioners filed a reply on May 9, 2019, stating that "a review of Respondent's Response reflects that Respondent has made no specific objection to Petitioners' Application; therefore, Petitioners do not intend to file a substantive reply to Respondent's response." Reply, ECF No. 30, at 1.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$19,471.71**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioners request the following rates of compensation for their attorney, Mr. John Howie: $363.00 per hour for work performed in2017, $383.00 per hour for work performed in 2018, and $395.00 per hour for work performed in 2019. Fees App. at 1. Petitioners also request rates ranging from $50 per hour to $148.00 per hour for paralegal work, depending on the individual paralegal and the year the work was performed. *Id.* at 1-2. I find the rates requested to be consistent with what Mr. Howie has previously been awarded for his Vaccine Program work, and also consistent with the Office of Special Masters' fee schedules.[4]

I have reviewed the billing entries and find them to be largely reasonable. The only reduction necessary is for time billed by Debbie Lupo, one of Mr. Howie's paralegals. Ms Lupo consistently billed 0.3 hours for review of mundane court filings, such as scheduling orders, the notice of assignment, and notice of appearance by Respondent's counsel. Fees App. Ex. 2 at 8. In my experience, this is an excessive amount of for review of these such filings. By comparison, one of Mr. Howie's other paralegals only billed 0.1 hours for review of a scheduling order, a more reasonable amount of time for this task. *Id.* at 9. I will therefore reduce Ms. Lupo's 2017 hours billed by 0.8 and her 2018 hours billed by 0.6, resulting in a reduction of **$200.80**.[5] Petitioners are thus awarded final attorney's fees of **$18,974.90**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See,*

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] (0.8 hours * $140.00) + (0.6 hours * $148.00) = $200.80.

3

*e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners request $496.81 in overall costs. Fees. App. at 1. This amount is comprised of obtaining medical records, postage charges, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and Petitioners have provided adequate documentation supporting them. Accordingly, Petitioners are entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$19,471.71** as a lump sum in the form of a check jointly payable to Petitioners and their counsel, Mr. John Howie, Jr., Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.